UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| G&G CLOSED CIRCUIT EVENTS, LLC, | § § § | |
| *Plaintiff*, | § § | |
| | § | Civil Action No. 3:20-CV-02836-X |
| v. | § § | |
| TEJANITOS Y MAS, INC., et al., | § § § | |
| *Defendants*. | § | |

## MEMORANDUM OPINION AND ORDER

This case arises out of the alleged violation of the Federal Communications Act. G&G Closed Circuit Events (G&G) claims that the defendants illegally intercepted a closed-circuit broadcast of the September 16, 2017 Gennady Golovkin v. Saul Alvarez IBF World Middleweight Championship. The defendants' answer asserts the affirmative defense of statute of limitations. G&G moved to strike this defense, arguing that the defendants didn't identify the applicable statute of limitations and that the statute of limitations had not run. After careful consideration, and as explained below, the Court **GRANTS** G&G's motion and **STRIKES** the defendants' affirmative defense of statute of limitations.

### I. Legal Standard

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or

scandalous matter" either on its own or on motion.[1]  Although granting a motion to strike is generally disfavored, it is within the Court's discretion.[2]

## II. Analysis

The defendants' answer states that "Defendants are not liable for the acts alleged in [G&G]'s complaint because [G&G]'s claims are barred by the statute of limitations."[3]  G&G claims that this bare statement fails to identify the applicable statute of limitations.  Coupled with the failure to plead any facts in support, G&G argues, this is fatal to the defendants' affirmative defense.  In addition, G&G contends that the limitations defense is inapplicable because G&G timely commenced suit.  The defendants, on the other hand, argue that the above statement "contains more than enough facts to state a claim for relief."[4]  The defendants contend that because G&G plead only one cause of action, its argument regarding the defendants' failure to specify the applicable statute of limitations "is moot and insincere."[5]

Although the defendants claim in their response that this is a diversity case, and therefore subject to Texas law regarding the statute of limitations, this is not a diversity case.  Indeed, G&G alleges violations of a federal statute, the Federal Communications Act. So, federal law applies.  And federal law provides that "[a] civil

---

[1] FED. R. CIV. P. 12(f).

[2] *See United States ex rel. Parikh v. Citizens Med. Ctr.*, 302 F.R.D. 416, 418 (S.D. Tex. 2014) (citing *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1058 (5th Cir. 1982)).

[3] Doc. No. 9 at 2.

[4] Doc. No. 16 at 2.

[5] *Id.*

action is commenced by filing a complaint with the Court."[6]  The event at issue occurred on September 16, 2017, and G&G filed its complaint September 13, 2020, within the Federal Communications Act's three-year statute of limitations.[7]  A simple review of the docket in this case (which the Court hereby takes judicial notice of) makes clear that G&G filed its complaint within the statute of limitations.  Because the Court finds that the defendants' threadbare affirmative defense is insufficient and incurable, it **STRIKES** it.

III.

For the reasons explained above, the Court **GRANTS** G&G's motion to strike and **STRIKES** the defendants' limitations defense.

**IT IS SO ORDERED** this 10th day of June 2021.

BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[6] FED. R. CIV. P. 3.

[7] *See Prostar v. Massachi*, 239 F.3d 669, 678 (5th Cir. 2001); *J&J Sports Prods. v. Mandell Family Ventures, LLC*, 751 F.3d 346, 353 n.13 (5th Cir. 2014) (explaining that claims arising under the Communications Act have a three-year statute of limitations).